UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
EZOZA ISMOILIVA,

                Plaintiff,

    -against-

UNITED STATES OF AMERICA,

                Defendant.

--------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
1:25-cv-00007 (CBA) (JAM)

**AMON, United States District Judge:**

## BACKGROUND

Plaintiff Ezoza Ismoiliva ("Plaintiff") brings this action under the Federal Tort Claims Act, 28 U.S.C §§ 1346(b), 2401(b), 2671-80 ("FTCA"), against the United States ("Defendant"). Her claims arise out of the stillbirth she experienced while she was detained by Customs and Border Patrol ("CBP") in California. (See ECF Docket Entry ("D.E.") # 1 ("Compl.") ¶¶ 8; 17.)

On July 6, 2023, Plaintiff, then nine months pregnant, presented at the San Ysidro Port of Entry, where she was detained by CBP. (D.E. # 17-2 ¶ 3; Compl. ¶¶ 8-9.) Plaintiff alleges that, although she was visibly pregnant and in pain, (Compl. ¶¶ 9, 11), when her water broke, the CBP officers monitoring her failed to take her to a hospital for five and a half hours, (id. ¶¶ 13-15). She alleges that she repeatedly asked for help and attempted to get their attention. (Id.) When she was finally transported to Sharp Chula Vista Medical Center in Chula Vista, California, she was in "active labor" and experiencing contractions every two to three minutes. (Id. ¶ 16.) Plaintiff alleges that Defendant's negligence in failing to seek prompt and necessary medical care despite the emergent situation (id. ¶ 28), and failure to properly train CBP officers to seek adequate care on Plaintiff's behalf, (id. ¶ 37), was the direct and proximate cause of her stillbirth.

1

Defendant filed the Motion to Transfer now before me, seeking transfer of this case to the Southern District of California, where Plaintiff was detained, received medical care, and gave birth. (D.E. # 17.) Plaintiff opposes this motion, seeking to litigate the case in this District where she resides with her family. (D.E. # 18 at 10.) I held oral argument on Defendant's Motion, after which I ordered Defendant to brief additional caselaw and further specify the current whereabouts of material witnesses. (Minute Entry Dated Nov. 17, 2025.)

For the reasons stated below, the Government's Motion to Transfer is denied.

## LEGAL STANDARD

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." When deciding a motion to transfer venue, "[d]istrict courts have broad discretion in making determinations of convenience under Section 1404(a)." Corley v. United States, 11 F.4th 79, 89 (2d. Cir. 2021) (quotation marks and citation omitted). "'A plaintiff's choice of forum usually weighs heavily in considering a motion to transfer venue.'" Leticia v. United States, No. 22-CV-7527 (NGG) (RJL), 2023 WL 7110953, at *6 (E.D.N.Y. Oct. 27, 2023) (quoting JetBlue Airways Corp. v. Helferich Pat Licensing, LLC, 960 F. Supp. 2d 383, 400 (E.D.N.Y. 2013)). Accordingly, the movant must make a "clear and convincing showing that the balance of convenience strongly favors the alternate forum." Xiu Feng Li v. Hock, 371 F. App'x. 171, 175 (2d Cir. 2010) (summary order) (citation omitted).

In applying section 1404(a), courts consider: (1) whether the action could have been brought in the proposed transferee forum; and (2) whether the convenience of the parties and

2

witnesses, as well as the interests of justice, warrants transferring the case. Williams v. Swack, No. 12-CV-1552 (CBA), 2013 WL 5423791, at *3 (E.D.N.Y. Sept. 26, 2013).

In deciding on the convenience of parties, witnesses, and the interest of justice, courts have generally weighed several factors, none of which is dispositive. See, e.g., id. The factors include:

> (1) the convenience of the witnesses, (2) the convenience of the parties, (3) the location of relevant documents and the relative ease of access to sources of proof, (4) the locus of operative facts, (5) the availability of process to compel the attendance of unwilling witnesses, (6) the relative means of the parties, (7) the forum's familiarity with governing law, (8) the weight accorded to plaintiff's choice of forum, and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

JetBlue Airways, 960 F. Supp. 2d at 398 (quotation and citation omitted).

## DISCUSSION

### A. This Action Could Have Been Properly Brought in the Southern District of California

Plaintiff could have brought this case in the Southern District of California pursuant to 28 U.S.C § 1402(b), because this is a suit against the United States. Under that provision, venue is proper either in this Court, because Plaintiff resides in this District, or in the Southern District of California, because the events that give rise to Plaintiff's FTCA claims occurred there. Id. Plaintiff concedes that venue lies in both the Eastern District of New York and the Southern District of California. (D.E. # 18 at 7.) Because venue is proper in either district, the issue of whether to grant the Defendant's motion depends on the convenience of parties, witnesses, and the interest of justice.

**B. The Convenience of Parties, Witnesses, and the Interest of Justice Do Not Warrant Transfer**

**i. Convenience of Witnesses**

The convenience of the witnesses is the most important factor regarding the convenience of parties, witnesses, and the interest of justice. See Jibowu v. Target Corp., No. 17-CV-3875 (PKC) (MMH), 2024 WL 4753294, at *5 (E.D.N.Y. Nov. 12, 2024). When evaluating this factor, I "must consider the materiality, nature, and quality of each witness, not merely the number of witnesses in each district." W.P.V. v. United States, No. 21-CV-4436 (JPC), 2023 WL 1991426, at *4 (S.D.N.Y. Feb. 14, 2023) (internal citation and quotation marks omitted). On these grounds, this factor narrowly weighs against transfer.

Key witnesses reside in both the Eastern District of New York and the Southern District of California. Defendant claims that this factor favors transfer because the majority of the "most important" potential witnesses, such as the CBP agents and medical personnel who assisted in Plaintiff's treatment, "work and/or reside" in southern California. (D.E. # 17-1 at 7.) Three healthcare professionals who treated Plaintiff at Sharp Chula Vista Medical Center remain in the Southern District of California. (D.E. # 21 at 2.) However, the nurse practitioner (an employee of a CBP contractor), who screened Plaintiff while she was detained at San Ysidro, works in Texas and no longer resides in the Southern District of California. (Id.) Defendant further specifies in an affidavit that eight of the ten officers involved in the events of this case currently report for duty in the Southern District of California. (D.E. # 17-2 ¶ 5.) One officer reports to a duty station in the Central District of California and the other to a duty station in the Southern District of Florida. (Id.) Defendant claims these agents will need to be away from work for roughly four days: two days for round-trip flights and up to two days for their testimony. (Id. ¶ 6) Defendant

4

speculates that other detainees—yet to be identified or located—who may have witnessed the events are not located in the Eastern District of New York. (D.E. # 17-1 at 7.)

Plaintiff counters that her husband—who was detained with her—and her therapist are critical witnesses located in Queens, New York. (D.E. # 18 at 8-9.) Plaintiff's husband, Mr. Ismoiliva, submitted an affidavit stating that he cannot afford to miss work to travel to California to testify because he earns less than $24,000 per year as a delivery driver. (D.E. # 18-2 at 2.) He also notes that his wife is the primary caretaker of their two young children, and they would not be able to travel to California simultaneously as no one would be able to care for the children. (Id.) Plaintiff's therapist, who can speak to Plaintiff's trauma resulting from her stillbirth, is based in Brooklyn. (D.E. # 18 at 9.)

Although Defendant names eleven witnesses who reside in the Southern District of California,[1] it is not yet clear how material those witnesses are, whereas the three witnesses (Mr. and Mrs. Ismoiliva and her therapist) located in this District are undoubtedly essential to describing the incident and the damages that allegedly resulted from it. Indeed, where "[p]laintiffs themselves as well as their doctors . . . may testify to the physical and mental harms caused by the alleged tortious conduct," courts evaluating FTCA claims have not found it compelling that government witnesses reside in another district. Leticia, 2023 WL 7110953, at *6. I further give less weight to the location of government witnesses because "it is assumed that the government can require their participation whenever the case is tried." Flores v. United

---

[1] Three government witnesses—two CBP officers and one CBP-contractor nurse practitioner—will have to travel to another district to testify regardless of whether this case is transferred. Courts generally hold that the convenience of witnesses located outside of the two districts in question should be afforded little, if any, weight. See, e.g., Elec. Workers' Pension Fund, Local 103 v. Nuvelo, Inc., 07-CV-1229 (HB), 2007 WL 2068107, at *4 (S.D.N.Y. July 20, 2007). The same is true for the unspecified detainee-witnesses, whose whereabouts are unknown.

States, 142 F. Supp. 3d 279, 287 (E.D.N.Y. 2015) (analyzing convenience to CBP agents in context of FTCA claim).

To reduce the burden on witnesses unable or unwilling to travel, the "parties can utilize videotaped depositions in lieu of live testimony, or arrange for live testimony by video, lessening the burden on the witnesses." See Leticia, 2023 WL 7110953, at *6. Plaintiff has already expressed a willingness to use videotaped depositions. (D.E. # 23 at 17:23-18:1.)

This factor thus weighs against transfer.

### ii. Convenience of the Parties

"A defendant moving for transfer must show both that the original forum is inconvenient for it and that the plaintiff would not be substantially inconvenienced by a transfer." Flood v. Carlson Rests., Inc., 94 F. Supp. 3d 572, 578 (S.D.N.Y. 2015) (internal quotation marks omitted). Courts have generally held that "[this] factor becomes neutral when transfer would merely shift the inconvenience from the movant to the non-movant." Jibowu, 2024 WL 4753294 at *6 (citing Penrose v. N.Y. Life Ins. Co., No. 22-CV-2184 (JPC), 2023 WL 6198249, at *5 (S.D.N.Y. Sept. 22, 2023)).

Defendant argues that the convenience of the parties favors transfer because the relevant government personnel are largely located in California, (D.E. # 17-1 at 7-9), and suggests that it may also be more convenient for Plaintiff's counsel to litigate where that personnel works, (id. at 9). Plaintiff counters that she resides in New York and would be greatly inconvenienced by the transfer. She cannot afford childcare or travel to California, should trial proceed there. (D.E. # 18 at 10-11.) Plaintiff's "relatively few financial resources" and domicile in this district—compared

6

to the Government's extensive resources to litigate this case—weigh against transfer. Leticia, 2023 WL 7110953, at *7; see also Flores, 142 F. Supp. 3d at 288.

### iii. Locus of Operative Facts and Location of Proof

The locus of the operative facts is a "primary factor" in deciding a § 1404(a) motion to transfer. Alpha Indus., Inc. v. Alpha Clothing Co. LLC, 21-CV-87 (KPF), 2021 WL 2688722, at *6 (S.D.N.Y. June 30, 2021). Where a plaintiff's residence is the only thing connecting a suit to a district, courts have found this factor weighs in favor of transfer. Barry v. United States, No. 21-CV-7684 (BCM), 2022 WL 4467504, at *5 (S.D.N.Y. Sept. 26, 2022). All tortious conduct alleged here occurred in the Southern District of California, and the locus-of-operative-facts factor favors Defendant.

By contrast, the location of proof is less salient to the decision of whether to transfer. Because "[d]ocumentary evidence is easily transportable and not voluminous," its location "is not a compelling consideration." Flores, 142 F. Supp. 3d at 289; see also Lavazza Premium Coffees Corp. v. Prime Line Distribs., 575 F. Supp. 3d 445, 466 (S.D.N.Y. 2021) ("[T]he conveniences of modern communication and transportation ease what would have been a serious burden only a few decades ago." (quoting Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 305 F.3d 120, 129 (2d Cir. 2002))). Plaintiff correctly contends that all relevant witnesses can testify virtually, and medical and detention records can be produced electronically. (D.E. # 18 at 11-12.) Indeed, Plaintiff has already informally shared her medical records from Sharp Chula Vista Medical Center with Defendant. (D.E. # 21 at 1 n.1.) Because the California-based evidence in this case is not voluminous and can be produced electronically, the location-of-proof factor is neutral.

### iv. Availability of Compulsory Process

A district court may compel testimony from those witnesses only within a 100-mile radius of where the witness "resides, is employed, or regularly transacts business." Fed. R. Civ. P. 45(c)(1)(A). As such, this factor is "generally relevant only with respect to third-party witnesses, because [government-employee] witnesses are subject to compulsory process in either forum by virtue of their employment relationship with a party." Ruiz ex rel. E.R. v. United States, No. 13-CV-1241 (KAM), 2014 WL 4662241, at *11 (E.D.N.Y. Sept. 18, 2014) (internal quotation omitted).

Defendant contends that this factor favors transfer because Plaintiff's fellow detainees and medical providers at the Sharp Chula Vista Medical Center cannot otherwise be compelled to testify in the Eastern District of New York. (D.E. # 17-1 at 10.) This contention misses several key points. First, and most importantly, most material witnesses are government employees and can be compelled to testify anywhere. Second, there is no indication at this time that the non-government witnesses, the medical care providers and the government-contractor nurse practitioner would be unwilling to respond to a subpoena. (See D.E. # 23 at 19.) Medical providers located in California can testify "via live video [if they are] are unwilling to travel to the Eastern District of New York." Flores, 142 F. Supp. 3d at 289 (citing Citibank, N.A. v. Affinity Processing Corp., 248 F. Supp. 2d 172, 178 (E.D.N.Y. 2003) (finding factor did not weigh in favor of transfer where witnesses could be videotaped)). Finally, Defendant has neither named Plaintiff's fellow detainees who may have witnessed the alleged events nor disclosed their location. Without more information about these potential witnesses, their possible unwillingness to testify does not factor into my decision of whether to transfer.

Thus, this factor is neutral.

### v. Plaintiff's Choice of Forum

A "plaintiff's choice of forum should rarely be disturbed." Certain Underwriters at Lloyd's London v. Nat'l R.R. Passenger Corp., No. 14-CV-04717, 2015 WL 1182764, at *5 (E.D.N.Y. Mar. 13, 2015) (citation omitted); Barry, 2022 WL 4467504, at *7 ("[C]hoice of forum is 'presumptively' entitled to 'substantial deference.'") (quoting Atl. Recording Corp. v. Project Playlist, Inc., 603 F. Supp. 2d 690, 698 (S.D.N.Y. 2009)).

Because Plaintiff wishes to litigate in the Eastern District of New York—for reasons of financial constraints and family obligations—this factor "weighs heavily" against transfer. See JetBlue Airways, 960 F. Supp. 2d at 400.

### vi. Judicial Economy and the Interest of Justice

Discovery has not occurred in this case, nor has Defendant responded to the Complaint, so the judicial-economy factor is neutral. W.P.V., 2023 WL 1991426, at *8 (S.D.N.Y. Feb. 14, 2023).

The interest of justice is likewise neutral because "[a]lthough the Southern District of [California] does have a local interest in this action, the alleged mistreatment of plaintiff was by the national government, giving rise to a national interest in the matters to be litigated." See Flores, 142 F. Supp. 3d at 291.

### vii. District Court's Familiarity with the Governing Law

"'Where an action does not involve complex questions of another state's laws, courts in this district accord little weight to this factor on a motion to transfer.'" Leticia, 2023 WL 7110953, at *8 (quoting Merkur v. Wyndham Int'l, Inc., No. 00-CV-5843 (ILG), 2001 WL

9

477268, at *5 (E.D.N.Y. Mar. 30, 2001)). Defendant claims that this Court's relative unfamiliarity with governing law—California law, as required by 28 U.S.C § 1346(b)(1)—also favors transfer. (D.E. # 17-1 at 10-11.) Plaintiff responds that this case concerns "straightforward negligence" that does not constitute the type of "novel or complex" state law issues that may be more difficult to address. (D.E. # 18 at 13.) This factor is neutral because "application of [California] state tort law, where relevant to Plaintiff['s] claims, can be ascertained by this court." Leticia, 2023 WL 7110953, at *8; see also Flores, 142 F. Supp. 3d at 290.

### viii. Relative Means of the Parties

"Where . . . disparity exists between the parties . . . the relative means of the parties may be considered." Id. at 289 (internal quotation marks omitted). Courts have held that this factor weighs against transfer when a party "offer[s] documentation to show that transfer would be unduly burdensome to his finances," and generally presume non-government parties to have relatively modest means compared to the Government. Jones v. United States, No. 02-CV-1017 (JG), 2002 WL 2003191, at *3 (E.D.N.Y. Aug. 26, 2002) (cleaned up); see also, e.g., Ruiz, 2014 WL 4662241, at *13; Barry, 2022 WL 4467504, at *6; Flores, 142 F. Supp. 3d at 289; Leticia, 2023 WL 7110953, at *7 ("The Government . . . is presumed to have the means to litigate in any forum.").

Plaintiff has documented her claim that litigating this case in the Southern District of California would pose a "tremendous and insurmountable burden." (See D.E. # 18-2 at 6.) Plaintiff has a household income that is under $24,000 per year. (Id.) She lacks family or friends who can care for her two young children if she and her husband travel to California to testify. (D.E. # 18 at 13.) By contrast, Defendant can litigate this matter in the Eastern District of New

York or the Southern District of California. Because Plaintiff has demonstrated her lack of means, this factor strongly weighs against transfer.

## CONCLUSION

Because Defendant has failed to show that the factors clearly favor transfer, I decline to disturb Plaintiff's choice of forum. The Government's motion to transfer is denied.

SO ORDERED.

/s/ Carol Bagley Amon

Dated: June 9, 2026
      Brooklyn, New York

                                        Hon. Carol Bagley Amon
                                        United States District Judge

11